UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR BROWN, :
    Plaintiff :
     :
  v. : CIVIL NO. 4:CV-03-0631
     :
     : (Judge McClure)
THOMAS JAMES, ET AL., :
    Defendants :

## **MEMORANDUM AND ORDER**

August 24, 2005

**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Victor Brown ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"). By Order dated May 11, 2004, the claims against Correctional Officers Frank Kinzel and Joseph Purcell were deemed withdrawn and Plaintiff's proposed second amended complaint (Record document no. 40) was accepted.

Named as Defendants therein are Chief Grievance Coordinator Thomas James of the Pennsylvania Department of Corrections (DOC) and the following

nineteen (19) SCI-Frackville officials: Superintendent Robert Shannon; ex-Superintendent Joseph Chesney; Deputy Superintendent for Centralized Services John Kerestes; Captain Robert Dusel; Grievance Coordinator James Forr; Personnel Director Jerry Pritchett; Unit Manager Gary Rosato; ex- Captain Ray Boyle; Lieutenants Brian Sheriff, Jesse James, J. Popson, and K. Schauer; Counselor Carl Dudek; Sergeant Dean Harner; Correctional Officers John Kowalchick, Alvin Miller, Shawn Roth, Trevor Hardy, and Brian Cress.

Plaintiff states that between "September and April of 2001" he initiated a number of institutional grievances.  Record document no. 40, ¶ 29.  As a result, he "was harassed, threatened and retaliated against, over an extended period of time" by numerous SCI-Frackville employees. Id.  On April 5 and 6, 2001, Unit Manager Rosato while in the presence of Defendant Dudek and acting under the direction of Deputy Superintendent Kerestes, allegedly threatened Plaintiff with the loss of his institutional employment and single cell status.  Although Defendant Dudek was present on both occasions, he purportedly failed to take any action to prevent Rosato's unconstitutional behavior.

Plaintiff underwent a psychological evaluation on April 19, 2001.  This evaluation was allegedly ordered by Rosato in furtherance of that Defendant's

2

alleged retaliatory attempt to deprive Brown of single cell status. On that same day, Rosato purportedly removed Plaintiff from his job in the prison library.

The second amended complaint next asserts that Defendants Chesney, James, and Dorr, perhaps acting as part of a conspiracy, handled his administrative grievance appeals in an unconstitutional manner. Furthermore, while investigating Plaintiff's allegation of retaliation (Grievance No. 6866) against Rosato, Captain Dusel "corrupted the investigation by diverting the focus of Plaintiff's accusations" and threatened him with physical harm. Id. at ¶ 35. Based on Grievance # 6866, Personnel Director Pritchett issued Plaintiff a purported meritless misconduct (Misconduct No. 401431) for lying to an employee purportedly as an "attempt to chill plaintiff's constitutionally protected rights." Id. at ¶ 36. Prtichett also allegedly violated the DOC's policy that prisoners should not be punished for good faith use of the institutional grievance system.

On November 19, 2001, Plaintiff made a complaint regarding a food service problem. In response, Defendants Kowalchick and Boyle allegedly engaged in a retaliatory conspiracy by charging Brown with threatening another inmate (Misconduct No. A34544).[1] Plaintiff was found guilty of the charge and served a

---

[1] The misconduct was written by Correctional Officer Kowalchick and approved by Captain Boyle.

3

sixty (60) day disciplinary custody term in the prison's Restricted Housing Unit (RHU).    Brown next indicates that because the lights in his RHU cell were continuously left on he developed "almost constant headaches" in violation of his rights under the Eighth Amendment. Id. at ¶ 37.  Defendant Kowalchick allegedly made a subsequent admission that Brown's RHU placement was undertaken to teach the prisoner a lesson for filing grievances.

On March 8, 2002, Plaintiff claims that he was verbally harassed by Correctional Officer Miller in the prison's dining room.  He filed a grievance against Miller (Grievance No. 16555).  Following an investigation by Defendant Popson, the grievance was denied.  After an administrative appeal, Superintendent Chesney informed Brown that his concerns had been noted and would be passed on to appropriate personnel.

Brown claims he was issued another alleged fabricated misconduct (Misconduct No. 404985) on May 28, 2002.  This charge by Defendant Cress "acting in collusion with defendant Harner" accused the prisoner of refusing to obey an order, using abusive or inappropriate language to an employee and failure to stand count. Id. at ¶ 39.  This misconduct was allegedly issued in retaliation for Plaintiff's complaint that Sergeant Harner was smoking cigarettes in the Cell Block

A control center.

The second amended complaint next contends that Plaintiff was verbally harassed by Defendant Hardy on August 14, 2002 after registering a complaint in the prison dining room. After complaining to Lieutenant Jesse James about the incident, Brown maintains that James verbally threatened him with both disciplinary segregation and physical violence. Plaintiff also filed an institutional grievance (Grievance No. 28549) regarding this alleged incident. An investigation by Defendants Sheriff and Schauer denied Brown relief. His subsequent appeal was denied by Superintendent Shannon, who also purportedly threatened Plaintiff with a misconduct. Following a further appeal, Defendant Thomas James upheld the Superintendent's decision.

Plaintiff's final claim asserts that between October 25-26, 2002, he was subjected to additional verbal abuse and another baseless misconduct charge (Misconduct No. A109548) for refusing to obey an order by Correctional Officers Cress and Roth. As a result, Brown spent another thirty (30) days in the RHU where he again developed headaches because the lights were never turned off.

On March 17, 2005, this Court partially granted Defendants' (with the exception of Gary Rosato) motion to dismiss or in the alternative for summary

judgment (Record document no. 49).  Plaintiff's requests for monetary damages against the moving Defendants in their official capacities were deemed barred by the Eleventh Amendment.  Brown's claims of: (1) being subjected to verbal abuse on October 25, 2002; (2) improper handling of Grievance No. 28549 by Defendants Schauer, Thomas James, Shannon and Sheriff; and (3) mistreatment by defendant Dudek during April 5-6, 2001 were dismissed for failure to exhaust administrative remedies.

The Memorandum and Order also concluded that Plaintiff's contentions regarding the handling of his institutional grievances did not rise to the level of constitutional violations and entered summary judgment in favor of Defendants Thomas James, Shannon, Chesney, Dusel, Forr, Popson, Schauer, and Sheriff.

Presently pending are various motions by the parties.  The purpose of this Order is to address all outstanding motions and to establish **final** deadlines for completion of discovery and submission of dispositive motions.

## Discussion

## Plaintiff's Motions to appoint counsel

On May 9, 2003, this Court denied Plaintiff's initial motion seeking appointment of counsel. By Order dated March 30, 2005, Plaintiff's second motion for appointment of counsel was likewise denied. Those Orders also provided that if future proceedings demonstrated the need for counsel, Plaintiff's motion would be reconsidered.

Presently pending are two motions by Brown which again request that he be appointed counsel. See Record document nos. 72 & 78. Since the entry of the Court's March 30, 2005 Order, Brown has continued to demonstrate a reasonable ability to litigate this action pro se. Furthermore, Plaintiff's latest motions fail to set forth sufficient special circumstances or factors which would warrant the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 153, 155-157 (3d Cir. 1993). Consequently, for the reasons previously set forth by this Court, Plaintiff's latest requests for appointment of counsel will be denied.

**Plaintiff's motion to take depositions**

The Plaintiff has also filed a motion seeking permission "to take more than ten depositions; some which include persons confined in prison." Record document 79, p. 1. A brief in support of his motion has not been submitted as

required by M.D. Pa Local Rule 7.5. Consequently, it is appropriate to deem the motion withdrawn.

It is further noted that Brown's motion does not state whether he wishes to take oral depositions or depositions upon written question. The Plaintiff has also previously indicated to this Court that he lacks funds to retain a stenographer or pay any costs related to the taking of depositions. See Record document no. 45.

By Order dated January 18, 2005, a request that this Court finance the taking of depositions by Brown was denied. The Order advised Plaintiff that as a general rule litigants must bear their own discovery costs. Tabron, 6 F.3d at 159; Badman v. Stark, 139 F.R.D. 601, 606 (M.D. Pa. 1991)(§ 1915 does not require the government to advance funds for deposition expenses). He was also notified that a district court may also not waive or provide for payment of witness fees required by 28 U.S.C. § 1821(a) to effect service of subpoenas. Canady v. Kreider, 892 F. Supp. 668, 670 (M.D. Pa. 1995). Brown's present motion offers no indication that he is presently able to afford the costs of taking his ten (10) requested depositions.

Since Brown states that some prisoners are to be deposed, he would require Court approval to take those depositions. However, that specific request also

8

cannot be properly considered because Plaintiff does not indicate how many prisoners are to be deposed and he has failed to provide the names, inmate numbers or locations of those prisoners.

In conclusion, since Brown's motion lacks sufficient information to be addressed on its merits, it cannot be entertained.  Consequently, it will be deemed withdrawn under Local Rule 7.5.  Brown is again forewarned that if he wishes to undertake depositions he is solely responsible for securing subpoenas, as well as payment of any witness fees and  transcription costs.[2]

**Plaintiff's Motion for stay and to compel discovery**

In this motion, Brown generally requests that all proceedings be stayed and

---

[2]Federal Rule of Civil Procedure 30(b)(1), (2), and (3) provide as follows:

(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.  The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs.  If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.

9

that Defendants be compelled to produce discovery.  See Record document no. 80.

A review of the docket establishes that Plaintiff has not filed a brief in support of his motion.  M.D. Pa. Local Rule 7.5. requires that a party who files a pretrial motion must submit a brief in support of said motion within ten (10) days of its being filed with the court.  If a supporting brief is not timely filed, "such motion shall be deemed to be withdrawn."

A review of Plaintiff's motion provides that he does not describe what discovery he wishes the Defendants to produce.  The motion also contains no indication that Defendants have not yet responded to any  previously served discovery request.  Furthermore, at the time that this motion was filed the only motions pending before this Court were filed by the Plaintiff.  Hence, it is unclear why Brown is seeking a stay.   Since Brown has not filed a brief supporting his motion for stay and to compel discovery, his motion as stated cannot be properly addressed and will be deemed withdrawn under Local Rule 7.5.

**Defendants' motion for enlargement of time**

The Defendants' motion seeks an enlargement of time *nunc pro tunc* in

10

which to conduct discovery.  The motion also seeks an enlargement of the deadline for submission of dispositive motions.   Since the parties have both indicated their desire to pursue additional discovery, Defendants' motion will be granted.  **However, the parties are forewarned that the deadlines for conclusion of discovery and submission of dispositive motions established by this Order will not be further extended.**

### **Defendants' motion to depose Plaintiff**

Defendants request leave of court to take the  deposition of the inmate plaintiff before October 31, 2005.[3]  See Record document no.  84.

Federal Rule of Civil Procedure 30(a) provides that a party must obtain leave of court prior to taking the deposition of a person confined in prison.   Since the Defendants have a right to take Plaintiff's deposition, their motion will be granted.  Defendants may take Brown's deposition at a time and place subject to the approval of the Warden or other appropriate official at his present place of incarceration.

---

[3] Federal Rule of Civil Procedure 30(a) provides that a party must obtain leave of court prior to taking the deposition of a person confined in prison.

**Plaintiff's motion for a protective order**

In opposition to the Defendants' request to take his deposition, Brown has submitted a motion seeking issuance of a protective order. See Record document no. 85. Plaintiff's motion correctly notes that the Defendants have been granted numerous extensions of time which have delayed this litigation. However, the Court would note that Brown has been granted leave to file two (2) amended complaints, which have equally delayed the resolution of this case.

The purpose of this Order is to resolve all pending motions and to grant the parties a final opportunity to complete discovery and submit any dispositive motions. In order to achieve that goal and ensure fair disposition of this action, both parties are being given a final opportunity to engage in discovery. Plaintiff's motion for a protective order is denied. Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff 's motion for stay and to compel discovery (Record document no. 80) is deemed withdrawn for his failure to submit a supporting brief as required under M.D. Pa. Local Rule 7.5

    2.    The Plaintiff's requests for appointment of counsel (Record document nos. 72 & 78) are denied.

3. Plaintiff's motion to take depositions  (Record document no. 79) is deemed withdrawn.  <u>See</u> M.D. Pa. Local Rule 7.5.

4. Defendants' motion requesting an enlargement of time (Record document no. 83) is granted.

5.  The parties shall conclude discovery on or before October 31, 2005.

6. Dispositive  motions may be filed on or before November 30, 2005.

7.  The Defendants' motion requesting leave to take the Plaintiff's deposition (Record document no. 84) before October 31, 2005 is granted.

8. Defendants may take the Plaintiff's deposition at a time and place subject to the approval of the Warden or other appropriate official at his present place of incarceration.

9. Plaintiff's motion for a protective order (Record document no. 85) is denied.

          <u>s/ James F. McClure, Jr.</u>
          JAMES F. McCLURE, JR.
          United States District Judge