UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR BROWN,                          :
      Plaintiff                          :
                                         :
    v.                                 :  CIVIL NO. 4:CV-03-0631
                                         :
                                         :  (Judge McClure)
THOMAS JAMES, ET AL.,                  :
      Defendants                         :

## MEMORANDUM AND ORDER

January 29, 2007

**Background**

Victor Brown ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Brown's original complaint was dismissed without prejudice but he was granted an opportunity to submit an amended complaint. Service of Brown's amended complaint was subsequently ordered.

By Order dated May 11, 2004, the claims against Correctional Officers Frank Kinzel and Joseph Purcell were deemed withdrawn and Plaintiff's proposed

second amended complaint (Record document no. 40) was accepted.

Named as Defendants in the second amended complaint are Chief Grievance Coordinator Thomas James of the Pennsylvania Department of Corrections ("DOC") and the following SCI-Frackville officials: Superintendent Robert Shannon; ex-Superintendent Joseph Chesney; Deputy Superintendent for Centralized Services John Kerestes; Captain Robert Dusel; Grievance Coordinator James Forr; Personnel Director Jerry Pritchett; Unit Manager Gary Rosato; ex-Captain Ray Boyle; Lieutenants Brian Sheriff, Jesse James, J. Popson, and K. Schauer; Counselor Carl Dudek; Sergeant Dean Harner; Correctional Officers John Kowalchick, Alvin Miller, Shawn Roth, Trevor Hardy, and Brian Cress.[1]

By Memorandum and Order dated March 17, 2005, a motion to dismiss by the Defendants (with the exception of Unit Mananger Rosato) was partially granted. Specifically, the claims for monetary damages against the moving Defendants in their official capacities were determined to be barred by the Eleventh Amendment. Second, the Plaintiff's claims of: (1) being subjected to verbal abuse on October 25, 2002; (2) improper handling of Grievance No. 28549 by Defendants Schauer, Thomas James, Shannon and Sheriff; and (3)

---

[1] Defendants Popson and Schauer and a request for jury trial were added in the second amended complaint.

mistreatment by defendant Dudek during April 5-6, 2001 were dismissed for failure to exhaust administrative remedies.  The Memorandum and Order also concluded that Brown's claims regarding the handling of his institutional grievances did not rise to the level of a constitutional violation, as a result, summary judgment was entered in favor of Defendants Thomas James, Shannon, Chesney, Dusel, Forr, Popson, Schauer, and Sheriff.

Presently pending is Plaintiff's motion seeking permission to file a supplemental complaint.  See Record document no. 117.  Brown's motion further requests that this matter be stayed in order for him to exhaust administrative remedies regarding his proposed supplemental claims.

**Discussion**

Federal Rule of Civil Procedure 15(d) provides:

> **(d) Supplemental Pleadings.**  Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.  Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.  If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Supplemental complaints are not barred merely because they set forth new claims. However, "when the matters alleged in a supplemental pleading have no

relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971). A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

Further, a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. Factors to be considered by the court in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience to permitting a plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action. Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. Id.

Plaintiff's original complaint was filed on April 14, 2003. Brown subsequently submitted two amended complaints. In a supporting brief, Plaintiff indicates that his proposed supplemental complaint would include a claim that he was placed in the SCI-Frackville Restricted Housing Unit ("RHU") on June 22,

4

2006 pursuant to a retaliatory misconduct report written by Sergeant Yoder. It is noted that Yoder was not previously named as a defendant in this matter. Plaintiff also indicates that he wishes to raise allegations concerning the conditions of his confinement in the RHU. As previously noted, Brown also acknowledges that his proposed supplemental claims have not been administratively exhausted.

The allegations and facts asserted in the proposed supplemental complaint, including the claims against the proposed additional defendant, are not directly related to the remaining claims and facts as set forth in the second amended complaint. Moreover, Brown's motion to supplement was not submitted until July, 2006, well after his initiation of this action. Furthermore, to permit the filing of a supplemental complaint containing facts, an additional defendant and unexhausted allegations not directly related to the remaining original claims would be prejudicial and cause undue delay.

Consequently, based on an application of the factors announced in Nottingham, Brown's motion to file a supplemental complaint will be denied. The Plaintiff, if he so chooses, may reassert his proposed supplemental claims in a new action. An appropriate Order will enter.

 **IT IS HEREBY ORDERED THAT:**

Plaintiff's motion (Record document no. 117) seeking leave to file a supplemental complaint is denied.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge