UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR BROWN, :
      Plaintiff :
       :
   v. : CIVIL NO. 4:CV-03-0631
       :
       : (Judge McClure)
THOMAS JAMES, ET AL., :
      Defendants :

**MEMORANDUM AND ORDER**

February 7, 2007

**Background**

    This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Victor Brown ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"). By Order dated May 11, 2004, the claims against Correctional Officers Frank Kinzel and Joseph Purcell were deemed withdrawn and Plaintiff's proposed second amended complaint (Record document no. 40) was accepted.

    Named as Defendants in the second amended complaint are Chief Grievance Coordinator Thomas James of the Pennsylvania Department of

Corrections ("DOC") and the following SCI-Frackville officials: Superintendent Robert Shannon; ex-Superintendent Joseph Chesney; Deputy Superintendent for Centralized Services John Kerestes; Captain Robert Dusel; Grievance Coordinator James Forr; Personnel Director Jerry Pritchett; Unit Manager Gary Rosato; ex-Captain Ray Boyle; Lieutenants Brian Sheriff, Jesse James, J. Popson, and K. Schauer; Counselor Carl Dudek; Sergeant Dean Harner; Correctional Officers John Kowalchick, Alvin Miller, Shawn Roth, Trevor Hardy, and Brian Cress.[1]

By Memorandum and Order dated March 17, 2005, a motion to dismiss by the Defendants (with the exception of Unit Mananger Rosato) was partially granted.  Specifically, the claims for monetary damages against the moving Defendants in their official capacities were determined to be barred by the Eleventh Amendment.  Second, the Plaintiff's claims of: (1) being subjected to verbal abuse on October 25, 2002; (2) improper handling of Grievance No. 28549 by Defendants Schauer, Thomas James, Shannon and Sheriff; and (3) mistreatment by defendant Dudek during April 5-6, 2001 were dismissed for failure to exhaust administrative remedies.  The Memorandum and Order also concluded that Brown's claims regarding the handling of his institutional

---

[1] Defendants Popson and Schauer and a request for jury trial were added in the second amended complaint.

grievances did not rise to the level of a constitutional violation, as a result, summary judgment was entered in favor of Defendants Thomas James, Shannon, Chesney, Dusel, Forr, Popson, Schauer, and Sheriff.

This Court recently denied Brown's request for leave to submit a supplemental complaint.  Presently pending is Plaintiff's third motion to compel discovery.[2]  See  Record document no. 124.  Also before the Court is Plaintiff's motion requesting that the Remaining Defendants be sanctioned for failure to cooperate in the discovery process.  See Record document no. 129.

In a supporting brief accompanying his motion to compel, Plaintiff generally contends that the Remaining Defendants' responses to his interrogatories, requests for production of documents and admissions "are evasive and incomplete."  Record document no. 125, p. 2.  Brown's brief further maintains that the discovery requests at issue are relevant to his surviving claims.

Attached to the supporting brief is a 300+ page submission consisting of the Defendants' responses and Plaintiff's resulting requests to compel responses to

---

[2] An initial motion to compel discovery was deemed withdrawn on August 24, 2005 for Brown's failure to submit a supporting brief.  Upon consideration of Plaintiff's second motion to compel, this Court entered an Order dated June 12, 2006, directing the Defendants were directed to submit responses to Plaintiff's pending discovery requests.

the following discovery requests: (1) First Request for Production of Documents; (2) Second Request for Production of Documents; (3) First and Second sets of Interrogatories and Requests for Admissions directed to Defendant Rosato; (4) First and Second sets of Interrogatories and Request for Admissions directed to Defendant Miller; (5) First and Second sets of Interrogatories and Requests for Admissions directed to Defendant Kerestes; (6) Second set of Interrogatories to Defendant Roth; (7) First and Second sets of Interrogatories and Request for Admissions directed to Defendant Kowalchick; (8) First and Second sets of Interrogatories and Requests for Admissions directed to Defendant Cress; (9) First and Second sets of Interrogatories and Requests for Admissions to Defendant Pritchett; (10) First and Second sets of Interrogatories and Requests for Admissions directed to Defendant Harner; (11) First and Second sets of Interrogatories and Requests for Admissions directed to Defendant Hardy; (12) First and Second sets of Interrogatories and Requests for Admissions directed to Defendant James; and (13) Second Sets of Interrogatories and Requests for Admissions directed to Defendant Boyle.

Defendants' fifty (50) page opposing brief states that they have responded to seventy (70) sets of written discovery requests. The Remaining Defendants acknowledge that their responses contain numerous objections which they assert

were legitimate. They add that several objections occurred in instances where the Plaintiff exceeded the number of discovery requests permissible under the Federal Rules of Civil Procedure.

**Discussion**

Federal Rule of Civil Procedure 26 provides in relevant part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
>
> . . .
>
> The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the

5

proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1), (2).

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Relevancy is not limited to the precise issues set out in the pleadings. Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information [requested] may be relevant to the general subject matter of the action." Id. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996); Momah v. Albert Einstein Medical Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996); Miles v. Boeing Co., 154 F.R.D. 117 (E.D. Pa. 1994).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

However, the burden is on the objecting parties to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982); Miller v. Doctor's Gen. Hosp., 76 F.R.D. 136 (W.D. Okla. 1977). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Furthermore, federal policy favors broad discovery in civil rights actions, which

"should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." Inmates of Unit 14 v. Rebideau, 102 F.R.D. 122, 128 (N.D.N.Y. 1984).

In addition to the above standards, Federal Rule of Civil Procedure 33 states that absent a stipulation of the parties or leave of court, a party may only serve twenty-five (25) written interrogatories, "including all discrete subparts," upon another party. Finally, a district court has the general discretion to supervise discovery, so long as any order issued or local rule adopted is not inconsistent with the Federal Rules of Civil Procedure. Tarkett, Inc. v. Congoleum Corp., 144 F.R.D. 282, 284-285 (E.D. Pa. 1992); Fed. R. Civ. P. 26(b). Needless to say, the discovery process is subject to abuse when a party is incarcerated and the opposing parties are corrections officials and employees.

Based upon this Court's preliminary review of the parties' submissions, it agrees with the Defendants' contention that many of Brown's discovery requests are overly broad and seek information which does not appear to be relevant to the remaining issues before this Court. Many of the Plaintiff's requests are also overly burdensome with little or no apparent benefit. For instance, some of Brown's requests seek information or documents from the individual Defendants regarding their income; military service; alcohol abuse; personal finances; job

description; whether they have ever been arrested or convicted of a criminal offense; personal opinions; 'special training' they received; and involvement in other grievances/law suits.  The relevance of requests for personal information regarding the defendants to the Plaintiff's surviving claims is questionable at best.  Additionally, it is equally apparent that in some instances Plaintiff has exceeded the number of interrogatories allowable under Federal Rule of Civil Procedure 33.

Throughout the course of this proceeding, this Court has extended every courtesy and consideration to the parties.  However, it is also obliged to bring this matter to an orderly and expeditious resolution.  Furthermore, it appears that some if not all of the present discovery disputes can be resolved without judicial intervention. Thus, in order  to assist in the orderly and expeditious disposition of this action, the Court will direct the parties to confer[3] in a good faith effort to resolve by agreement all remaining discovery issues within twenty (20) days of the date of this Order.  In conferring, the parties are reminded that discovery requests must be relevant to the surviving claims before this Court and that both requests and responses should adhere to the requirements of the Federal Rules of Civil Procedure.  Finally, in undertaking a good faith effort to resolve the pending

---

[3] The parties may confer either in person or telephonically.

discovery disputes, the parties should be guided by the standards set forth herein.

Within ten (10) days following the parties' conference, each party shall submit a separate status report indicating which, if any, discovery issues have been resolved and indicating any outstanding matters which remain in dispute and their respective positions with regards to each unsettled issue.[4]

The parties are forewarned that judicial resolution of any outstanding discovery dispute will be made in accordance with the standards set forth herein. Moreover, any party who fails to cooperate or participate in good faith in the discovery process may be subject to the imposition of sanctions under Federal Rule of Civil Procedure 37.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to compel discovery (Record document no. 124) is denied without prejudice.

---

[4] See generally M.D. Pa. Local Rule 26.7, which states in relevant part:

". . . a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached.  If part of the issues raised by the motion have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved."

2. The Plaintiff's motion for discovery sanctions (Record document no. 129) is denied without prejudice.

3. The remaining parties shall confer in good faith regarding Plaintiff's unresolved discovery requests within twenty (20) days of the date of this Order.

4. Within ten (10) days following the conclusion of the parties' conference, each party shall file a separate status report with the court adhering to the standards set forth herein.

s/James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge
