UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR BROWN, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-03-0631 |
| | : | |
| | : | (Judge McClure) |
| THOMAS JAMES, ET AL., | : | |
| Defendants | : | |

**MEMORANDUM**

February 29, 2008

**Background**

This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Victor Brown ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"). By Order dated May 11, 2004, the claims against Correctional Officers Frank Kinzel and Joseph Purcell were deemed withdrawn and Plaintiff's proposed second amended complaint (Record document no. 40) was accepted.

On March 17, 2005, this Court issued a Memorandum and Order which partially granted a motion to dismiss by the Defendants (with the exception of

Unit Manager Rosato).   Specifically, the claims for monetary damages against the moving Defendants in their official capacities were determined to be barred by the Eleventh Amendment.  Second, the Plaintiff's claims of: (1) being subjected to verbal abuse on October 25, 2002; (2) improper handling of Grievance No. 28549 by Defendants Schauer, Thomas James, Shannon and Sheriff; and (3) mistreatment by defendant Dudek during April 5-6, 2001 were dismissed for failure to exhaust administrative remedies.  The Memorandum and Order also concluded that Brown's claims regarding the handling of his institutional grievances did not rise to the level of a constitutional violation, as a result, summary judgment was entered in favor of Defendants Thomas James, Shannon, Chesney, Dusel, Forr, Popson, Schauer, and Sheriff.

The Remaining Defendants are the following SCI-Frackville officials: Deputy Superintendent for Centralized Services John Kerestes; Personnel Director Jerry Pritchett; Unit Manager Gary Rosato; ex-Captain Ray Boyle, Jesse James; Counselor Carl Dudek; Sergeant Dean Harner; Correctional Officers John Kowalchick, Alvin Miller, Shawn Roth, Trevor Hardy, and Brian Cress.

Presently pending is Plaintiff's motion requesting that the Remaining Defendants be sanctioned for failure to cooperate in the discovery process.  See Record document no. 156.  The motion has been fully briefed and is ripe for

consideration.

In a supporting brief accompanying his motion, Plaintiff generally contends that counsel for Remaining Defendants has engaged in "obstructionist tactics." Record document no. 157, p. 2. Brown states that his deposition was taken on June 19, 2006. Thereafter, he was given a total of six (6) hours (while under supervision) to review the transcript of his deposition. The supporting brief indicates that contrary to standard practice, counsel for the Remaining Defendants refused to allow a copy of the deposition transcript to be sent directly to the Plaintiff. Brown asserts that as a result he had to "hastily" prepare work on the errata sheet.[1] Id. at p. 4. As sanctions for their purported obstruction of the discovery process, Plaintiff seeks an award of attorney fees and asks that the Remaining Defendants be precluded from future use of his deposition testimony.

According to the Remaining Defendants, during his deposition Brown requested an opportunity to review his deposition transcript. Former defense counsel allegedly responded that she would facilitate that request with prison officials. Defense counsel then instructed the court reporter to send the transcript

---

[1] Brown acknowledges that after expiration of the errata sheet deadline, he was provided with a copy of the transcript free of charge.

to her office "so that she could make appropriate arrangements for Brown's review." Record document no. 159, p. 2.  The Remaining Defendants add that the Plaintiff was afforded a full and fair opportunity, in fact, was given additional time, a total of forty-four (44) days, in which to review the transcript.   Moreover, although he was not entitled to one, Brown was nonetheless given a free copy of his deposition transcript.[2]

With respect to the Plaintiff's request that the Remaining Defendants be ordered to pay attorney's fees, it is well settled that *pro se* litigants are not permitted to recover attorney's fees.  See  Kay v. Ehrler, 499 U.S. 432 (1991). Accordingly, Brown's request to be awarded attorney's fees will be denied.

Furthermore, since the parties' submissions establish that the Plaintiff was afforded an adequate opportunity to review his deposition transcript, prepare an errata sheet and was thereafter given a free copy of his deposition transcript, there is no basis upon which to preclude future use of the Plaintiff's deposition testimony or impose sanctions of any type.  Consequently,

---

[2] Although he was not entitled to a free copy of his deposition transcript, the court reporting service subsequently agreed to provide Brown with a free copy.  See id. at p. 4.

4

**IT IS HEREBY ORDERED THAT:**

Plaintiff's motion seeking the imposition of sanctions against the Remaining Defendants (Record document no. 156) is DENIED.

      s/ James F. McClure, Jr.
      JAMES F. McCLURE, JR.
      United States District Judge