UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR BROWN, :
      Plaintiff :
     :
   v. : CIVIL NO. 4:CV-03-0631
     :
     : (Judge McClure)
THOMAS JAMES, ET AL., :
      Defendants :

**<u>MEMORANDUM</u>**

March 6, 2008

**<u>Background</u>**

Victor Brown, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By Order dated May 11, 2004, the claims against Correctional Officers Frank Kinzel and Joseph Purcell were deemed withdrawn and Plaintiff's proposed Second Amended Complaint (Record document no. 40) was accepted.

By Memorandum and Order dated March 17, 2005, summary judgment was entered in favor of Defendants Thomas James, Shannon, Chesney, Dusel,

Forr, Popson, Schauer, and Sheriff. *See* Record document no. 68 . The Remaining Defendants are the following SCI-Frackville officials: Deputy Superintendent for Centralized Services John Kerestes; Personnel Director Jerry Pritchett; Unit Manager Gary Rosato; ex- Captain Ray Boyle; Jesse James; Counselor Carl Dudek; Sergeant Dean Harner; Correctional Officers John Kowalchick, Alvin Miller, Shawn Roth, Trevor Hardy, and Brian Cress.

The gist of Plaintiff's Second Amended Complaint is that he initiated a number of institutional grievances between "September and April of 2001." Record document no. 40, ¶ 29. As a result of those filings, Brown contends that the Remaining Defendants conspired to subject him to various acts of harassment and retaliation and violated his Eighth Amendment rights. They thereafter allegedly covered up their misconduct when Plaintiff attempted to obtain relief via the prison's administrative grievance process. Brown seeks injunctive relief, including reinstatement to his institutional employment, compensatory and punitive damages.

Presently pending is the Plaintiff's motion requesting that a properly certified psychiatrist/psychologist be appointed to evaluate his mental health. His motion also asks that a private investigator be appointed to assist him in gathering necessary information/evidence and contacting potential witnesses. *See* Record

document no. 165. The motion has been briefed and is ripe for consideration.

**Discussion**

**Psychological Evaluation**

Plaintiff's motion asks that a psychologist/psychiatrist be court appointed for the purpose of evaluating his mental health in accordance with Federal Rule of Civil Procedure 35(a). In a supporting brief, Brown argues that appointment is warranted so that he can counter the testimony of the Remaining Defendants' expert witness Denise Kadish, the psychologist who conducted his May 11, 2001 mental health evaluation[1] and because his "case is one that by its nature warrants consideration of the possible need for a second opinion by an unbiased psychologist/psychiatrist in order to insure a just resolution of plaintiff's claim." Record document no. 165, p. 6.

The Remaining Defendants note the Plaintiff was never removed from single cell status and thus never suffered any injury as a result of the institutional psychological evaluation. *See* Record document no. 167, p. 5. In their opposing brief, the Remaining Defendants also assert that they have no present intention to

---

[1] Plaintiff alleges that he underwent a psychological evaluation ordered by Unit Manager Rosato in furtherance of that Defendant's alleged attempt to deprive him of single cell status (also referred to as Z code) in retaliation for his submission of grievances.

3

call Psychologist Kadish or any other expert as a witness in this matter.  They conclude that  Brown's psychological condition is simply not relevant to the claims of retaliation and harassment which are pending before this Court and therefore an examination under Rule 35 is unnecessary.

The mental examination of a party pursuant to Federal Rule of Civil Procedure 35 is only ordered if the mental condition of a party is in controversy and there is good cause for the examination.  *Parker v. University of Pennsylvania*, 128 Fed. Appx. 944, 947 (3d Cir. 2005).  The in controversy and good cause requirements are not satisfied "by conclusory allegations, or by assertions of mere relevance to the case." *Id*.

The Remaining Defendants indicate that they will not be calling Psychologist Kadish or any other mental health professionals as expert witnesses. In light of that development, Plaintiff's argument that he requires an independent mental health evaluation to in order to properly oppose Kadish's expert testimony is clearly insufficient.  Second, the fact that Plaintiff was never removed from his approved single cell status also undermines his assertion that his mental health status is at issue.  Based upon an application of the *Parker* standards to the  present matter, it is apparent that Plaintiff has failed to satisfy either the in controversy or good cause requirements.  Brown's Rule 35 motion seeking a mental health

evaluation will be denied.

In his supporting brief, the Plaintiff alternatively argues that he should be appointed a mental health expert witness under Federal Rule of Evidence 706. *See* Record document no. 166, p. 6.

This Court does have the discretion to appoint an expert witness under Federal Rule of Evidence 706. "The policy behind this rule is to promote the jury's factfinding ability." Ford v. Mercer County Correctional Center, 171 Fed. Appx. 416, 420 (3d Cir. 2006). The Court of Appeals added that "[a] trial judge does not abuse his discretion in declining to appoint an independent expert solely to benefit a party who has otherwise failed to gather such evidence as would suffice to overcome summary judgment." Id.

Based on an application of standards announced in Ford, the Court feels that since there is presently no indication that the jury will be required to make any determination with respect to Plaintiff's mental health status, it would be an abuse of discretion to appoint an expert witness under Rule 706 at this stage of the proceedings. The request for appointment of an expert witness under Rule 706 will likewise be denied.

**Private Investigator**

*Pro se* parties may use any of the discovery methods provided for under the

5

Federal Rules of Civil Procedure.   However, as a general rule litigants must bear their own discovery costs.  <u>Tabron v. Grace</u>, 6 F.3d 147, 159 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994); <u>Badman v. Stark</u>, 139 F.R.D. 601, 606 (M.D. Pa. 1991)(§ 1915 does not require the government to advance funds for deposition expenses).

Pursuant to the above standards, the Plaintiff's request that this Court appoint and pay a private investigator to assist him with his litigation of this matter will be denied.  Consequently,

**IT IS HEREBY ORDERED THAT:**

> Plaintiff's motion (Record document no. 165) requesting the appointment of a psychiatrist/psychologist and private investigator is DENIED.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge