UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR BROWN, :
        Plaintiff :
  :
   v. : CIVIL NO. 4:CV-03-0631
  :
  : (Judge McClure)
THOMAS JAMES, ET AL., :
        Defendants :

### **MEMORANDUM**

March 13, 2008

**Background**

Victor Brown ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By Order dated May 11, 2004, Plaintiff's proposed second amended complaint (Record document no. 40) was accepted.

The Remaining Defendants are the following SCI-Frackville officials: Deputy Superintendent for Centralized Services John Kerestes; Personnel Director Jerry Pritchett; Unit Manager Gary Rosato; ex-Captain Ray Boyle, Jesse James;

Counselor Carl Dudek; Sergeant Dean Harner; Correctional Officers John Kowalchick, Alvin Miller, Shawn Roth, Trevor Hardy, and Brian Cress.

By Memorandum and Order dated February 7, 2007, the remaining parties were directed to confer in good faith regarding Plaintiff's unresolved discovery requests and file status reports with the Court. The Memorandum and Order stated that many of Brown's pending discovery requests were overly broad; sought information which did not appear to be relevant to the remaining issues, and overly burdensome with little or no apparent benefit. Specifically, the Court noted that many of the Plaintiff's discovery requests had questionable relevance because they sought information regarding the individual Defendants': income; military service; alcohol abuse; personal finances; job descriptions; criminal records; personal opinions; specialized training; and involvement in other grievances/law suits.

Presently pending is Plaintiff's third motion to compel discovery. *See* Record document no. 161. Brown acknowledges that the parties have conferred telephonically and resolved most of their prior discovery disputes. However, his motion requests the production of supplemental responses from Defendants Harner and Roth and information previously sought in a request for production of documents. The Plaintiff's fifty-seven (57) page supporting brief additionally

seeks to compel production of information relating to the Remaining Defendants' individual job descriptions, criminal/ arrest records; institutional grievances filed against them by other prisoners; and lawsuits (for retaliation) filed against them by inmates.  He also seeks information as to the Pennsylvania Department of Corrections' (DOC) procedures relating to correctional staff who are found to be intoxicated while on state property, use obscene language,  and who have retaliated against prisoners.

**Discussion**

The Remaining Defendants initially assert that Brown's motion should be denied because he failed to comply with Federal Rule of Civil Procedure 37(a) and M.D. Pa. Local Rule 26.3.  *See* Record document no. 163, p. 3.  Specifically they contend that Plaintiff did not contact opposing counsel "regarding his alleged non-receipt of two sets of supplemental interrogatories and discovery documents, nor his exceptions to defendants' objections within the supplements." *Id*. at p. 4.

They add that since: Defendant Harner submitted a supplemental response, the Plaintiff was notified that Defendant Roth would not be submitting a supplemental response,  and arrangements were made for Plaintiff to view the documents requested in his request for production of documents, those claims are now moot.

Based upon defense counsel's representations that the issues regarding Defendants Roth and Harner's supplemental responses and the request for production of documents were resolved following the filing of the present motion, those arguments will be dismissed on the basis of mootness. In light of that determination, further discussion regarding the Rule 37(a) argument is not necessary.

**Standard of Review**

With respect to the Plaintiff's remaining contentions, it is well-settled that Rule 26 establishes a liberal discovery policy. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947); *Great West Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. *Hicks v. Big Bros./Big Sisters of Am.*, 168 F.R.D. 528, 529 (E.D. Pa. 1996); *Transcontinental Fertilizer Co. v. Samsung Co.*, 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of

the action, or relates to confidential or privileged information.  *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.*, No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984); *see generally* 8 Charles Alan Wright, et al., *Federal Practice and Procedure* §§ 2007-2013 (2d ed. 1990).

However, the burden is on the objecting parties to demonstrate in specific terms why a discovery request is improper.  *Hicks*, 168 F.R.D. at 529; *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136 (W.D. Okla. 1977).  The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987).  Furthermore, federal policy favors broad discovery in civil rights actions, which "should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984).

**<u>Job Duties</u>**

Plaintiff asks that each of the Remaining Defendants provide descriptions of

5

their employment duties during the relevant time period of the Amended Complaint.

Based upon an application of the well established relevancy standards set forth above, this requested information is arguably relevant to Brown's remaining claims. Accordingly, the Remaining Defendants will be directed to provide Brown with any existing general, non-confidential job descriptions for the employment assignments they held during the relevant time period of this action.

**Lawsuits, Misconduct Charges, Criminal/Arrest/Military Records**

Plaintiff also asks that each Remaining Defendant provide information as to whether they have ever been arrested, criminally charged, or the subject of lawsuits or grievances filed by prisoners based upon retaliatory or abusive actions. He also seeks production of military records. Brown generally contends that such information may show a pattern of abuse or the existence of a common scheme.

This Court fails to see how the requested personal background information of the Remaining Defendants would have relevance as to the remaining claims set forth in the Amended Complaint. Plaintiff simply does not set forth any compelling argument which would warrant compelling production of the requested information. Consequently, since the Remaining Defendants have stated a legitimate basis supporting its decision to withhold production, Plaintiff's requests to compel production of the Remaining Defendants' personal information

will be denied.

**DOC policies**

Plaintiff also asks to be provided with copies of any policies enacted by the DOC with respect to the use of retaliation tactics and obscene language by correctional staff as well as the policy regarding employees who are intoxicated while on state property. This Court finds that any non-confidential DOC policies in place during the relevant time period encompassed by the Amended Complaint have arguable relevance. Based upon a review of Plaintiff's motion and supporting brief, he has failed to establish the relevance of any policy relating to employees who are intoxicated while on state property. Hence, Brown's motion will be denied with respect to that request.

**Miscellaneous Claims**

Plaintiff also asserts that some of the responses provided the Remaining Defendants to certain requests were incomplete. The Court has reviewed the responses at issue and finds that they were neither evasive nor incomplete.

**Conclusion**

Plaintiff's motion to compel will be granted in part, the Remaining Defendants will be granted thirty (30) days in which to provide those documents

which they have previously agreed to provide, as well as to comply with the relief granted herein.  Failure to timely comply may result in the issuance of appropriate sanctions.  An Order consistent with this Memorandum will issue.

     s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR BROWN : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 4:CV-03-0631 |
| : | |
| THOMAS JAMES, ET AL., : | (Judge McClure) |
| : | |
| Defendants : | |

## **ORDER**

March 13, 2008

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to compel discovery (Record document no. 161) is granted in part.

2. Within thirty (30) days of the date of this Order, the Remaining Defendants shall provide Plaintiff with (1) those documents which they have agreed to provide; (2) any existing, general, non-confidential job descriptions for each of the Remaining Defendants during the relevant time period of this action and (3) any non-confidential Pennsylvania Department of Corrections' (DOC) policies relating to the use of retaliation

9

tactics and obscene language by correctional staff .



   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

Case 4:03-cv-00631-JFM-SF   Document 171   Filed 03/13/08   Page 10 of 10