IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR BROWN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-03-0631 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| THOMAS JAMES, ET AL., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

March 18, 2009

Victor Brown ("Plaintiff" or "Brown"), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court are several motions filed by Plaintiff, including a motion to compel his third request for production of documents (Record document no. 178), a motion to stay the dispositive motion deadline (Record document no. 177), and a motion to stay the proceedings pending disposition of the motion to compel (Record document no. 191). For the reasons set forth below, the motion to compel will be denied, and the other motions will be denied as moot.

## Background

Plaintiff originally filed this action on April 14, 2003. By Order dated May 11,

2004, his proposed second amended complaint (Record document no. 40) was accepted. The Remaining Defendants are the following SCI-Frackville officials: Deputy Superintendent for Centralized Services John Kerestes; Personnel Director Jerry Pritchett; Unit Manager Gary Rosato; ex-Captain Ray Boyle; Jesse James; Counselor Carl Dudek; Sergeant Dean Harner; and Correctional Officers John Kowalchick, Alvin Miller, Shawn Roth, Trevor Hardy, and Brian Cress.

By Memorandum and Order dated February 7, 2007, the remaining parties were directed to confer in good faith regarding Plaintiff's unresolved discovery requests and file status reports with the Court. The Memorandum and Order stated that many of Brown's pending discovery requests were overly broad; sought information which did not appear to be relevant to the remaining issues; and were overly burdensome with little or no apparent benefit. Specifically, the Court noted that many of Plaintiff's discovery requests had questionable relevance because they sought information regarding the individual Defendants' incomes; military service; alcohol abuse; personal finances; job descriptions; criminal records; personal opinions; specialized training; and involvement in other grievances/law suits.

By Memorandum and Order dated March 13, 2008, this Court granted in part Plaintiff's third motion to compel discovery. (*See* Record document no. 171.) The

Court directed the Remaining Defendants to provide Plaintiff with 1) any existing general, non-confidential job descriptions for the employment assignments they held during the relevant time period of this action, and 2) any non-confidential DOC policies in place during the relevant time period encompassed by the amended complaint with respect to the use of retaliation tactics. (*See id.* at 6-7.) The Court denied Plaintiff's requests for the Remaining Defendants' criminal/arrest/military records and for any DOC policies relating to employees who are intoxicated while on state property. (*See id.*)

On May 28, 2008, in light of the fact that it appeared that all discovery issues had been resolved, this Court issued an Order setting the deadline for the submission of dispositive motions for forty-five (45) days from the date of the Order. (*See* Record document no. 176.)

However, on June 12, 2008, Brown filed a motion to stay the dispositive motion deadline to allow time for Defendants to answer his third request for production of documents, which he stated had been served on May 1, 2008. (*See* Record document no. 177.) Plaintiff indicated that Defendants had not yet responded to his request and that a motion to compel may be necessary. (*See id.*)

On June 19, 2008, Brown filed a motion to compel Defendants to respond to his

third request for production of documents (Record document no. 178) and a supporting brief (Record document no. 179). On July 3, 2008, Defendants filed their opposition brief (Record document no. 180). Brown filed a reply brief (Record document no. 181) on July 11, 2008.

On July 14, 2008, the deadline for the submission of dispositive motions pursuant to this Court's May 28, 2008 Order, Defendants filed a motion for summary judgment (Record document no. 182). The motion currently is ripe for review. However, on August 11, 2008, Plaintiff filed a motion to stay proceedings pending disposition of his motion to compel. (*See* Record document no. 191). Accordingly, the Court now will dispose of Plaintiff's motions so that it may then turn to the pending motion for summary judgment.

## **Discussion**

### **Motion to Compel**

Brown's third request for production of documents consists of six (6) requests. (*See* Record document no. 177 at 4.) Plaintiff requests 1) vote sheets for 1997-2000; 2) vote sheets for 2008; 3) housing performance reports for 1997-2000; 4) Defendant John Kerestes' job description for the time period during which he served as the Deputy Superintendent for Facility Management at SCI-Frackville; 5) Defendant

4

Dean Harner's job description for the time period during which he served as Sergeant at SCI-Frackville; and 6) Plaintiff's psychiatric records containing the data utilized by staff psychologist Denise Kadish to prepare her May 11, 2001 psychiatric evaluation of Plaintiff. (*See id.* at 4-5.)

In their opposition brief, Defendants explain that on June 10, 2008, they answered the request objecting to requests one (1), two (2), three (3), and six (6) on the basis that they encompass information not relevant to the claim or defense of any party, and that, in some cases, the burden of production outweighs its likely benefit. (*See* Record document no. 180 at 2.) They argue that Brown's motion to compel should be denied because he failed to comply with Federal Rule of Civil Procedure 37(a) and Middle District of Pennsylvania Local Rule 26.3. (*See id.* at 3-4.) Specifically, Defendants' counsel represents that she had not received any communication from Brown regarding his alleged issue with Defendants' objections to four of his six requests for production. (*See id.* at 4.) Defendants also argue that Brown's motion to compel should be denied because his exceptions to Defendants' objections set forth in his brief (Record document no. 179) lack merit. (*See* Record document no. 180 at 5-7.) The Court will analyze each of the four (4) requests at issue below.

5

**Standard of Review**

It is well-settled that Rule 26 establishes a liberal discovery policy. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Great West Life Assurance Co. v. Levithan,* 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. *Hicks v. Big Bros./Big Sisters of Am.*, 168 F.R.D. 528, 529 (E.D. Pa. 1996).

Relevancy is not limited to the precise issues set out in the pleadings. *Caruso v. Coleman Co.*, 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information [requested] may be relevant to the general subject matter of the action." *Id*. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. *Callahan v. A.E.V., Inc.*, 947 F. Supp. 175, 177 (W.D. Pa. 1996).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). Courts will not permit discovery where a request is made in bad faith,

6

unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.*, No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); *see generally* 8 Charles Alan Wright, et al., *Federal Practice and Procedure* §§ 2007-2013 (2d ed. 1990).

However, the burden is on objecting parties to demonstrate in specific terms why a discovery request is improper. *Hicks*, 168 F.R.D. at 529; *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by disclosure would outweigh the ordinary presumption in favor of broad disclosure . . . ." *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Furthermore, federal policy favors broad discovery in civil rights actions, which "should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984). Brown's motion to compel will be addressed in accordance with the above standards.

**Vote Sheets**

Brown's first and second requests are for vote sheets for the period 1997-2000

and for 2008.  In his brief in support of his motion to compel, Plaintiff describes a vote sheet as "a form on which institutional staff may cast a Yes/No vote on such topics as job assignment, H-Code status (escape risk status), employment assignment, Z-Code status, etc., with areas available on the form for personal comments and/or opinions."  (*See* Record document no. 179 at 6.)  He argues that the vote sheets for 1997-2000 are relevant because they contain information pertinent to his standing in the institution and with staff leading up to the time when he claims a conspiracy of retaliation was initiated against him by Defendant Kerestes.  (*See id.*)

Brown argues that the 2008 vote sheet is relevant because his H-Code status (escape risk status) was removed on this sheet.  (*See id.*)  He claims that Defendants used Brown's H-Code status as a reason to remove him from his library clerk job, and thus the subsequent removal of his H-Code status demonstrates that it was assigned to him as a form of retaliation.  (*See id.*)

Defendants argue that, inasmuch as Brown's case against the Remaining Defendants involves allegations during the period April 2001 through October 2002, and Brown has been given the relevant information from this time period pursuant to his previous requests, the vote sheets from 1997 through 2000 and for 2008 are irrelevant and unlikely to lead to any information relevant to his claims.

The Court is satisfied that Defendants have met their burden under *Hicks* and *Goodman* of showing that Brown's request to be provided with vote sheets for 1997 through 2000 and for 2008 is over broad, burdensome, and seeks irrelevant information as defined in *S.S. Fretz*. As noted by Defendants, Plaintiff already made previous requests for vote sheets from the relevant period of April 2001 through October 2002 and received the relevant information. Accordingly, Plaintiff's motion to compel will be denied with respect to his first two requests.

**Housing Performance Reports**

In his third request, Brown requests Housing Performance Reports for the period 1997 through 2000. In his brief in support of his motion to compel, Brown explains that a "Housing Report" is a form on which Block Officers and other members of the Unit Management Team record comments concerning the behavior of residents of that Block. (*See* Record document no. 179 at 7.) While he admits that Defendants already have produced the Housing Reports for the period from 2001 through 2007, he claims that the Housing Reports for the period of 1997 through 2000 will serve as an example of the reports that routinely are prepared. (*See id.* at 8.) Brown claims that these earlier reports will differ entirely from the reports prepared after Defendant Kerestes issued an instruction to retaliate against Brown. (*See id.*)

9

In response, Defendants argue that Housing Reports from 1997 through 2000 are irrelevant to show why Plaintiff was removed from his library job or given misconducts in 2001 and 2002.  (*See* Record document no. 180 at 6.)  Defendants also point out that Brown admits that he already has copies of Housing Reports from 2001 through 2007, and thus already has reports that were issued well beyond the relevant time period of April 2001 through October 2002.

The Court finds that Defendants have shown that Brown's request is improper in that the requested materials are irrelevant.  Brown's claim that the Housing Reports from 1997 through 2000 will be different in some way is merely speculative.  Thus, it appears that the burden on Defendants of producing the additional reports would outweigh the likely benefits.  Moreover, the Court is mindful of the fact that Brown had ample opportunity to obtain this information during the long period of discovery that has ensued in this action.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).  Therefore, Brown's motion to compel will be denied as to his third request.

**Psychiatric Records**

In his sixth request, Brown seeks his psychiatric records that were used by staff psychologist, Denise Kadish, in preparing her May 11, 2001 psychiatric evaluation of

10

him.  Brown's claim that the records are relevant is based upon his allegation that Kadish's report was "the precursor for the planned removal of Plaintiff's single-cell status."  (*See* Record document no. 179 at 9.)  Defendants note that Kadish relied not only on Brown's records to create her report, but also conducted a personal evaluation of Brown.  (*See* Record document no. 180 at 6.)  They also argue that, because the ten-page report suggested that Brown *not* be removed from his single-cell status, it played no role in the alleged retaliation, and the documents used to create it are irrelevant.  (*See id.*)

   The Court finds that Defendants have met their burden to show that Brown's request is improper in that the requested materials are irrelevant.  Brown claims that the records are relevant because he alleges that the report was the pre-cursor for the removal of his single-cell status.  But, where the report itself recommended that his single-cell status not be removed, it does not appear that the psychological records used to prepare it would lead to the discovery of information relevant to Brown's retaliation claim.  Therefore, it appears that the burden on Defendants of attempting to determine which records were utilized by Kadish in 2001 to prepare her report would far outweigh any potential benefit of producing the records, and Brown's motion to compel will be denied with respect to his sixth request.

**Other Motions**

In his motion to stay the dispositive motion deadline (Record document no. 177), Brown requested that this Court stay the July 14, 2008 deadline for the submission of dispositive motions in order to allow time for Defendants to respond to his third request for production of documents. Plaintiff also filed a motion to stay proceedings pending disposition of his motion to compel. (*See* Record document no. 191). In light of this Court's disposition of Plaintiff's motion to compel, his other motions will be denied as moot.

**Conclusion**

For the foregoing reasons, Plaintiff's motion to compel will be denied, and his motions to stay the dispositive motion deadline and to stay proceedings pending disposition of his motion to compel will be denied as moot.

An appropriate Order will enter.

                                                  s/ James F. McClure, Jr.
                                                  JAMES F. McCLURE, JR.
                                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR BROWN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-03-0631 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| THOMAS JAMES, ET AL., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

March 18, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to compel third request for production of documents (Record document no. 178) is **DENIED**.

2. Plaintiff's motion to stay dispositive motion deadline (Record document no. 177) is **DENIED** as moot.

3. Plaintiff's motion to stay proceedings pending disposition of Plaintiff's motion to compel third request for production of documents (Record document no. 191) is **DENIED** as moot.

                                         s/ James F. McClure, Jr.
                                         JAMES F. McCLURE, JR
                                         United States District Judge